United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Santos Gonzales-Cahvec,<br>Defendant. | )<br>)<br>)<br>)   Criminal Case No. 17-60050-CR-Scola<br>)<br>)<br>) |

**Order Denying Motion for Sentence Reduction**

 This matter is before the Court on the Defendant Santos Gonzales-Cahvec's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 145.) The Government responded, opposing the motion. (ECF No. 147.) Mr. Gonzales-Cahvec moved for an extension of time to file a reply (ECF No. 148), which the Court granted. (ECF No. 149.) However, Mr. Gonzales-Cahvec did not file his reply by the extended March 15, 2024, deadline. After careful consideration of the motion, the record, and the legal authorities, the Court **denies** the motion for reduction of sentence. (**Mot., ECF No. 145**.)

### 1. Background

 In 2017, the Coast Guard discovered 1,114 kilograms of cocaine on a boat occupied by Mr. Gonzales-Cahvec and three other crew members. (ECF No. 1.) Mr. Gonzales-Cahvec and his co-defendants a were indicted for conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute a controlled substance. (ECF No. 11.) Mr. Gonzales-Cahvec proceeded to trial, and the jury found him guilty on both counts. (ECF No. 71.) The Court sentenced him to 240 months in prison. (ECF No. 113.)

### 2. Legal Standard

 "[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such

> a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Mr. Gonzales-Cahvec invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;

> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Mr. Gonzales-Cahvec is a zero-point offender, but upon consideration of the 18 U.S.C. § 3553(a) factors, the Court denies his request for a sentence reduction. A court must consider the § 3553(a) factors, but it need not explicitly discuss each factor. *United States v. Paulino*, 805 F. App'x 942, 946 (11th Cir. 2020) (cleaned up).

Mr. Gonzales-Cahvec's 240-month sentence is necessary to reflect the seriousness of the offense, provide specific deterrence, and promote respect for the law. At trial, Mr. Gonzales-Cahvec "concoct[ed] a very-detailed fantasy" that he was kidnapped and forced to participate in the drug conspiracy—a story the jury rejected. (ECF Nos. 71, 118.) Further, the 240-month sentence resulted from the sheer quantity of cocaine: more than 1,000 kilograms. Accordingly, while Mr. Gonzales-Cahvec's good behavior is commendable, the 240-month sentence is necessary to reflect the seriousness of the offense, provide specific deterrence, and promote respect for the law.

### 4. Conclusion

Based on the foregoing, it is hereby **ordered and adjudged** that Mr. Gonzales-Cahvec's motion for reduction of sentence is **denied**. (**Mot., ECF No. 145**.)

**Done and ordered** at Miami, Florida on March 21, 2024.

_____
Robert N. Scola, Jr.
United States District Judge